# IN THE COURT OF APPEALS OF IOWA

No. 24-0699
Filed September 17, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHARLES JOSEPH BEYER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Mark T. Hostager, Judge.

A defendant appeals his conviction for possession of methamphetamine, second offense, following a conditional guilty plea, challenging the denial of his motion to suppress. **AFFIRMED.**

Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**LANGHOLZ, Judge.**

While Charles Beyer was detained by a police officer waiting to confirm whether warrants for his arrest were still active, Beyer pulled a wallet from his pocket and tried to give it to a nearby woman. The officer told Beyer he was not allowed to do that and took the wallet. After receiving word that the arrest warrants were indeed still active, the officer completed Beyer's arrest and searched Beyer's person and the wallet Beyer had tried to pass off to the woman. The officer found two small bags of methamphetamine in the wallet. And Beyer was eventually charged with possession of methamphetamine, second offense, in violation of Iowa Code section 124.401(5) (2023).

Beyer moved to suppress the methamphetamine found in his wallet under the Fourth Amendment of the United States Constitution and article I, section 8, of the Iowa Constitution, arguing that the warrantless search was unreasonable. The district court denied his motion, holding that the search fell within the search-incident-to-lawful-arrest exception to the warrant requirement. Beyer then entered a conditional guilty plea that was approved by the district court.[1] And he now appeals the denial of his motion to suppress, arguing that the search-incident-to-lawful-arrest exception does not apply mainly because the State failed to prove that (1) he was "within reaching distance of the wallet at the time the officer

---

[1] We have jurisdiction over a conditional guilty plea reserving an issue for appeal only when "entered by the court with the consent of the prosecuting attorney and the defendant or the defendant's counsel" and "when the appellate adjudication of the reserved issue is in the interest of justice." Iowa Code § 814.6(3). Because Beyer's appeal of the suppression ruling "is the same issue reserved by the conditional guilty plea, and success on appeal of that issue would give [Beyer] some relief," the interest-of-justice jurisdictional threshold is satisfied. *State v. Scullark*, 23 N.W.3d 49, 53 (Iowa 2025).

3

searched it"; (2) "the wallet posed a threat to [the officer's] safety"; and (3) "the search was necessary to either gather or prevent the destruction of evidence of the crime of arrest."

But after the parties completed their briefing, our supreme court decided *State v. Scullark*, 23 N.W.3d 49 (Iowa 2025). As Beyer noted in his routing statement,[2] *Scullark* involved "substantially similar" issues about the scope of the search-incident-to-lawful-arrest. And the supreme court's resolution of those issues defeats Beyer's arguments here.

The defendant in *Scullark* argued that the search-incident-to-lawful-arrest exception under our state and federal constitutions did not extend to permit the search of a fanny pack that the defendant was wearing at the time of his arrest but then handed over to a companion before being handcuffed. *See Scullark*, 23 N.W.3d at 52. Like Beyer, that defendant argued that the exception should not apply because he was unable to access the fanny pack at the time it was searched and the officers could not show they were looking for a weapon or evidence of the offense of arrest. *See id.* at 53. But the supreme court rejected those arguments under both constitutions and reaffirmed that officers may constitutionally "search the arrestee's person and any items in the arrestee's actual and exclusive possession at the time of the arrest or immediately preceding it" without needing any "additional justification beyond lawful arrest." *Id.* at 59–60. The supreme court also clarified that "handing the item to a companion before the officer can search

---

[2] The supreme court had granted further review when Beyer filed his brief.

him" has no constitutional relevance because "a reasonable search of the person should not depend on games of 'hot potato.'" *Id.* at 60–61.

Following *Scullark*, because Beyer's wallet was in his pocket "at the time of the arrest or immediately preceding it," the search of Beyer's wallet "was reasonable as a search of [Beyer's] person, and no additional justification for the search was required beyond [Beyer's] lawful custodial arrest." *See id.* at 61. It was thus a reasonable search under the search-incident-to-lawful-arrest exception to the warrant requirement of both the Fourth Amendment and article I, section 8. We thus affirm the district court's denial of the motion to suppress and Beyer's conviction.

**AFFIRMED.**